BANK OF NEW YORK AND TRUST COMPANY, as Trustee, etc., of SIGMUND ASHNER, Deceased, for the Benefit of IDA ASHNER, Respondent, v. GRAYSIDE CORPORATION and Others, Defendants; DYKER HEIGHTS REALTY Co., INC., Appellant; NORMAN L. MARKS, as Executor, etc., of IDA ASHNER, Deceased, Respondent.— Judgment granting foreclosure and sale of mortgaged property and striking out and dismissing appellant's affirmative defense and counterclaim unanimously affirmed, with costs. No opinion. Present — Young, Hagarty, Carswell, Davis and Johnston, JJ.

THE BAY PARKWAY NATIONAL BANK OF BROOKLYN IN NEW YORK, Respondent, v. ISHAIA SHALOM, Appellant. (Action No. 2.) — Action on a promissory note. Judgment dismissing the defendant's third counterclaim unanimously affirmed, with costs. No opinion. Present — Hagarty, Scudder, Tompkins, Davis and Johnston, JJ.

BELMONT PROPERTIES CORPORATION, a Domestic Corporation, Appellant, v. FREDERICK FARMS, INC., a Domestic Corporation, Respondent.— In an action to recover the amount paid as taxes in the year 1934, by the vendor against the purchaser under a written contract of sale, order dismissing the complaint and granting summary judgment, and judgment entered thereon, unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Young, Hagarty, Carswell, Davis and Johnston, JJ.

CILBIND REALTY Co., INC., Appellant, v. JOSEPH ARANOW, Defendant, and DANIEL J. TOBIN, Respondent.— Order denying plaintiff's motion for summary judgment affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Scudder, Tompkins, Davis and Johnston, JJ., concur.

WILLIAM V. COHEN, Appellant, v. LOUISE B. COHEN, Respondent.— Order reversed on the law, defendant's motion to vacate the judgment and grant a new trial denied, and the judgment of divorce herein in plaintiff's favor, entered March 8, 1935, reinstated, without prejudice to a renewal of the motion upon additional and proper papers. The issues of fact having been tried upon the merits, and having been decided in plaintiff's favor, and appropriate findings, conclusions and an interlocutory judgment having been made and entered, the court was without power, upon the affidavit alone of the defendant's attorney, to grant the defendant's motion to vacate the findings and judgment and to grant a new trial on the sole ground that the court erred in its determination of the issues of fact and that the judgment is contrary to the weight of the evidence. Defendant's remedy was by an appeal from the judgment or by a motion for a new trial upon a case settled and signed, pursuant to rule 221 of the Rules of Civil Practice. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, on the Complaint of GERTRUDE GUHR, Appellant, v. GEORGE PELCHER, Respondent.— Order of the Court of Special Sessions of the City of New York, Borough of Queens, dismissing this paternity proceeding and discharging the defendant, unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.